Douglas C. DUNLAP, Plaintiff–
Appellant,

v.

TEXAS GUARANTEED; U.S. Depart-
ment of Education; Suntrust Bank;
Sallie Mae; San Antonio Federal
Credit Union; Navient Solutions, Inc.,
Defendants–Appellees.

No. 14–1884.

United States Court of Appeals,
Fourth Circuit.

Submitted: Jan. 5, 2015.

Decided: Jan. 16, 2015.

Douglas C. Dunlap, Appellant Pro Se.
Robert Field Moorman, Law Office of
Robert F. Moorman, PLC, Richmond, Vir-
ginia; Maurice Francis Mullins, Jr., Spotts
Fain, PC, Richmond, Virginia; Stephen M.
Faraci, Sr., Leclair Ryan, PC, Richmond,
Virginia; Douglas P. Rucker, Jr., Eric C.
Howlett, Sands Anderson, PC, Richmond,
Virginia, for Appellees.

Before NIEMEYER and DIAZ, Circuit
Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Douglas C. Dunlap appeals the district
court's order dismissing his claims pursu-
ant to 28 U.S.C. § 1915(e)(2) (2012). On
appeal, Dunlap contends that the judge
erred in holding that his fraud claims were
barred by the Virginia statute of limita-
tions. He does not contest the district
court's reasons for dismissing his remain-
ing claims, instead simply reiterating the
merits of those claims, which the district
court did not address. Finding no error,
we affirm.

We review a dismissal pursuant to
§ 1915(e)(2) de novo. De'lonta v. Ange-
lone, 330 F.3d 630, 633 (4th Cir.2003).
Virginia imposes a two-year statute of limi-
tations on fraud claims. Va.Code Ann.
§ 8.01–243(A) (West 2014); see Hansen v.
Stanley Martin Cos., Inc., 266 Va. 345,
355, 585 S.E.2d 567, 573 (2003). The stat-
ute "begins to run from the date the fraud
or negligent misrepresentation 'is discover-
ed or by the exercise of due diligence
reasonably should have been discovered.' "
Hansen, 266 Va. at 355, 585 S.E.2d at 573
(citing Va.Code Ann. § 8.01–249(1) (West
2014)).

Furthermore, the plaintiff bears the
burden "to prove that, despite the exercise
of due diligence, he could not have discov-
ered the alleged fraud [except] within the
two-year period before he commenced the
action[.]" Schmidt v. Household Fin.
Corp., II, 276 Va. 108, 117, 661 S.E.2d 834,
839 (2008). Due diligence is "such a meas-
ure of prudence, activity, or assiduity, as is
properly to be expected from, and ordi-
narily exercised by, a reasonable and pru-
dent man under the circumstances; not
measured by any absolute standard, but
depending on the relative facts of the spe-
cial case." Id. at 118, 661 S.E.2d at 839
(internal alterations omitted).

Based on our review of the record and
the parties' briefs, we conclude that the
district judge did not err in dismissing
Dunlap's claims. Dunlap has not present-
ed sufficient evidence to show that, had he
exercised due diligence, he would not have
discovered the Appellees' allegedly fraudu-

lent conduct until less than two years before the date he filed his complaint.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*